FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 14, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOM SHIREY,<br><br>    Plaintiff,<br><br>    v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a Virginia corporation,<br><br>    Defendant. | No. 2:19-cv-00114-SAB<br><br>**ORDER DENYING MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss, ECF No. 3. The motion was heard without oral argument. Defendant requests the Court dismiss Plaintiff's claims for violations of the Fair Debt Collection Act, arguing that Plaintiff's action is time-barred. Plaintiff responds that tolling under *American Pipe* is appropriate, due to the filing of a substantially similar class action, *Bereket v. Portfolio Recovery Associates, LLC*, 17-cv-0812, RSM (W.D. Wash. 2018). Defendant argues that Plaintiff cannot avail himself of *American Pipe* because Plaintiff was not a member of the *Bereket* class. The issue before the Court is: Does *American Pipe* tolling apply to an individual action where the Plaintiff's cause of action was substantially similar to the class complaint, but due to the narrow proposed definition of the class, Plaintiff was not a putative class member?

**ORDER DENYING MOTION TO DISMISS ~ 1**

## FACTUAL BACKGROUND

The *Bereket* complaint was filed on May 24, 2017. In the complaint, the proposed class consisted of Washingtonians who received a collection letter from Defendant regarding a time-barred debt which failed to inform the debtor that partial payment may restart the statute of limitations, where the dunning letter was sent no earlier than a year before the class complaint was filed, and no later than 21 days after the filing of the complaint. ECF No. 4, at 11.

The collection letter sent to Plaintiff was sent on February 23, 2018, much more than 21 days after the filing of the *Bereket* complaint. Thus, Plaintiff was not a putative class member as the proposed class was defined in the *Bereket* complaint. However, when *Bereket* moved for class certification, on January 19, 2018, the proposed class had changed. ECF No. 7-1 at 8.

The proposed class at that time was limited to individuals who were sent a specific collection letter (labeled 47M2), regarding a debt that originated from an obligation to Bank of America, where the collection letter was sent from May 24, 2016, to the date of the motion for class certification. *Id.*

Under the new proposed class definition, Defendant was not a member, because the collection letter sent to Plaintiff had a different label, was due to a debt that originated from a different bank, and the letter was sent after the date the motion for class certification was filed.

The motion for certification was struck, with leave to amend, on March 27, 2018. ECF 7-2 at 9. A second motion for class certification was filed on July 17, 2018, which had the same definition of a proposed class as the January 19, 2018 motion. ECF 7-5 at 8.

The timeline in this case is crucial. The dunning letter was sent to Plaintiff on February 23, 2018. At that time, the first *Bereket* motion for class certification was pending. Had Plaintiff reviewed the complaint in *Bereket*, he would have

**ORDER DENYING MOTION TO DISMISS** ~ 2

reason to believe that even if he wasn't a member, he could have moved to intervene under rule 24 due to the common nexus of law and fact. He also would have noticed that the proposed class had changed from the original complaint to the motion of class certification, but that the proposed plaintiffs in both definitions were sent collection letters from Defendant, for stale debts, without a notice that partial payment on the stale debt could refresh the statute of limitations.

On March 27, 2018, the first *Bereket* motion to certify was struck. From the date of March 27, 2018 until July 17, 2018, the operative definition of the class was the definition contained in the class complaint. That definition lacked the requirements that the original debtor be Bank of America, or that the dunning letter be labeled 47M2. While it contained the temporal limitation that the collection letter be sent before June 14, 2017, Plaintiff could have inferred that the second motion to certify would extend that temporal window, just as the first motion did.

## ANALYSIS

In *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974), the Supreme Court held that if the statute of limitations expires during the pendency of a class action, "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id.* at 553-54. In *Crown, Cork & Seal Company v. Parker*, 462 U.S. 345 (1983), the Supreme Court expanded on its opinion in *American Pipe*, ruling that tolling is appropriate not only where plaintiffs sought to intervene in a class action, but also where they sought to file an entirely new action as individual plaintiffs. *Id.* at 349-50, 353-54.

The purpose of *American Pipe* and *Crown, Cork & Seal* tolling is to limit unnecessary intervention by unnamed putative class members, or secondary

**ORDER DENYING MOTION TO DISMISS** - 3

individual suits. *American Pipe*, 414 U.S. at 553. Courts have held that *American Pipe* tolling applies not only to identical claims, but substantially similar ones, where the class complaint puts the Defendant on notice that the conduct could be the source of litigation. *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1188 (9th Cir. 2009); *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1489 (9th Cir. 1985). This makes sense, because one of the purposes of *American Pipe* is to avoid unnecessary intervention, and the standard for intervention is not identicality of issues, but common questions of law or fact. *See* FRCP 24.

Further, in this case, it was not clear that Plaintiff would not have been a member of the class from the period of March 27, 2018 until November 30, 2018, the period from when the first motion to certify was struck till when the second motion to certify was granted. Defendant was objecting to certification in part because of the narrowing of the class by the identity of the debtor and labeling of the collection letter, the very limitations that make Plaintiff not a member of the *Bereket* class. During this 8-month window, Plaintiff might have intervened, and sought a more expansive class definition. Requiring plaintiffs to intervene in order to seek inclusion in a class to preserve their *American Pipe* tolling would lead to the very multiplicity of intervenors and actions that *American Pipe* sought to curb.

The purpose of Rule 23 is to promote judicial efficiency by allowing for representative actions while protecting individual interests. Courts are given broad authority in defining classes, to ensure adequate representation and avoid potential class conflicts. *See* FRCP 23(d). As a result, the contours of a proposed class remain nebulous throughout the maintenance of the class action, but in particular, during the period between the filing of the complaint and an order granting or denying certification.

//

//

**ORDER DENYING MOTION TO DISMISS** ろ 4

## CONCLUSION

In keeping with *American Pipe*, the statute of limitations is tolled for Plaintiff during the pendency of the *Bereket* class action. Accordingly, the motion to dismiss is denied.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, ECF No. 3, is **DENIED**.

2. Defendant **SHALL SERVE AND FILE** any answer to Plaintiff's Complaint no later than **ten (10) days** from the date of this Order.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 14th day of August 2019.



_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION TO DISMISS ~ 5**